MOSK, J., Dissenting.
I dissent because I believe that the Los Angeles County Superior Court did not have jurisdiction to order compliance with the investigative subpoenas duces tecum. Under Government Code section 11186,* [1] jurisdiction to compel compliance with an investigative subpoena is vested in the superior court in (1) “the county in which any hearing is held,” (2) the county in which “any investigation is conducted under the direction of the head of a department ...” or (3) “the county in which testimony is designated to be given or documents or other items are designated to be produced.” The trial court erred in finding jurisdiction in Los Angeles County Superior Court under the first and second bases for jurisdiction in section 11186. There is no substantial evidence supporting jurisdiction.
A. The “county in which any hearing is held”
There was no jurisdiction in the Los Angeles County Superior Court under section 11186’s hearing basis for jurisdiction because there was no hearing then taking place in Los Angeles County. The first basis for jurisdiction has two parts that require interpretation: (1) “any hearing” and (2) “is held.” The term “any hearing” refers to the type of hearing, and not to the timing of a hearing. The term “is held” refers to the timing of “any hearing.” The term “is held” is in the present tense. Thus, “is held” means a present hearing, and *922 does not mean “was held”—a past hearing, or “will be held”—a future hearing. If the Legislature had intended to grant jurisdiction in connection with “any hearing,” regardless of the hearing’s timing, it would have so provided. Accordingly, the trial court’s hearing-based justifications for finding jurisdiction in Los Angeles County Superior Court—(1) the hearing on the petition for defendant and appellant Dr. Walton Montegut’s interim suspension “was held” in Los Angeles, and (2) if the department files an accusation in the future, the hearing “will be held” in Los Angeles—were error.
B. The county in which “any investigation is conducted under the direction of the head of a department”
There was no jurisdiction in the Los Angeles County Superior Court under section 11186’s investigation basis for jurisdiction because no investigation was conducted in Los Angeles County. The conduct at issue in this case concerns Dr. Montegut’s prescribing practices, which took place in Orange County. Section 11186 establishes jurisdiction in the county in which “any investigation is conducted.” That an investigator—Deputy Attorney General Cindy Lopez—physically was in Los Angeles County when she investigated matters that occurred in Orange County does not mean that the investigation was conducted in Los Angeles County for purposes of establishing superior court jurisdiction under section 11186[2] Instead, Lopez’s investigation of matters that occurred in Orange County from her Los Angeles County office was not an investigation that was conducted in Los Angeles County, but rather was an investigation that was conducted in Orange County. Likewise, that Dr. Rick Chavez signed a declaration in Los Angeles County that expressed his opinion about Dr. Montegut’s Orange County prescribing practices does not constitute an investigation in Los Angeles County. Because an investigation was not conducted in Los Angeles County, the investigation basis for jurisdiction did not establish jurisdiction in the Los Angeles County Superior Court to order Dr. Montegut’s compliance with the subpoenas.
*923 For the reasons stated above, because the Los Angeles Superior Court did not have jurisdiction to compel compliance with the subpoenas, I would reverse the trial court’s order.
A petition for a rehearing was denied January 28, 2014, and on January 21, 2014, the opinion was modified to read as printed above. Mosk, J., was of the opinion that the petition should be granted. Appellant’s petition for review by the Supreme Court was denied March 19, 2014, S216417.

 All statutory citations are to the Government Code unless otherwise noted.

 As Linda K. Whitney, Executive Director of the Medical Board of California, does not argue that the statement in her petition that “the Board’s investigation is being conducted in Los Angeles County” was entitled to evidentiary weight because the petition to compel compliance with subpoenas pursuant to section 11187 was deemed verified by operation of Code of Civil Procedure section 446, that issue is not before this court. I note, however, that because section 11187 does not require that petitions to compel compliance with subpoenas be verified (see Murrieta Valley Unified School Dist. v. County of Riverside (1991) 228 Cal.App.3d 1212, 1222 [279 Cal.Rptr. 421] [“Verification is necessary only when called for by a particular statute.”]), Code of Civil Procedure section 446 has no application here (see Murrieta Valley Unified School Dist. v. County of Riverside, supra, 228 Cal.App.3d at pp. 1222-1223 [pursuant to Code Civ. Proc., § 446, a school district was “exempt from the verification requirement of Code of Civil Procedure section 1086 and was not required to verify its petition” (italics added)]).